UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADRIAN CALISTE AND BRAIN GISCLAIR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | * * * * | CIVIL ACTION |
| V. | * * | NO. 17-6197 |
| HARRY E. CANTRELL, MAGISTRATE JUDGE OF ORLEANS PARISH CRIMINAL DISTRICT COURT | * * * | SECTION "L"(5) |

## ORDER & REASONS

Before the Court is Defendant Harry E. Cantrell Motion to Dismiss. R. Doc. 12. Plaintiff opposes the motion. R. Doc. 25. The Court held oral arguments on this matter on August 23, 2017. Having considered the parties' arguments, submissions, and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

On June 27, 2017, a group of Plaintiffs filed suit as a class against one Criminal District Court Judge; Magistrate Judge Harry Cantrell. Plaintiff's Motion to Certify a Class has been continued. R. Doc. 5, 31. This case arises from Defendant Magistrate Judge Cantrell's allegedly unconstitutional practice of imposing unreasonably expensive secured financial conditions of release upon arrestees without inquiring about their ability to pay. R. Doc. 1 at 1. Named Plaintiffs are two criminal defendants with cases pending in the Orleans Parish Criminal District Court. R. Doc. 1 at 2-3. They appear as class representative for the putative class. Defendant Harry Cantrell is the Magistrate Judge for Orleans Parish Criminal District Court, among his duties is to set bail for those arrested. He also has a role in managing the expenditures of the Judicial Expense Fund. R. Doc. 1 at 3.

Plaintiffs, as class representatives, allege that Defendant routinely sets a $2,500 minimum secured money bond. Plaintiffs contend Judge Cantrell sets bond without considering the facts of the case to determine whether a lower bond amount or an alternative condition of release might be appropriate. R. Doc. 1 at 6. Plaintiffs further aver that Defendant requires the use of a for-profit bail bond and does not allow arrestees to post cash bail. R. Doc. 1 at 2. Plaintiffs contend that this policy involves a conflict of interest because under Louisiana law, 1.8% of a bond amount collected from a commercial surety (but not from any other type of bond) is allocated directly to the Court for its discretionary use. R. Doc. 1 at 2. Plaintiffs argue that this policy of refusing to consider a criminal defendant's ability to pay, alternative conditions of release, or a lower bond, as well as the resulting institutional financial conflict, violate the Due Process and Equal Protection clauses of the Fourteenth Amendment. R. Doc. 1. Thus, Plaintiffs seek a declaratory judgement that Defendant's bond policy, which results in the creation of a modern "debtor's prison," is a violation of Plaintiffs' constitutional rights, and a declaration that Defendant's financial conflict of interest violates the Due Process rights of criminal defendants. R. Doc. 1 at 26.

## II. PRESENT MOTION

Defendant has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. R. Doc. 12. Defendant raises two issues, standing and abstention. R. Doc. 12-1 at 1.

First, Defendant argues that Plaintiffs whose criminal proceedings have concluded no longer have a case or controversy and therefore lack standing. R. Doc. 12-1 at 2. Defendant asserts that these Plaintiffs lack standing because they are not currently injured (have no pending criminal cases) and are unlikely to suffer the same injury via Defendant in the future. R. Doc. 12-1 at 5. Defendant highlights the Court's opinion in *Cain v. City of New Orleans* (15-4479). R.

Doc. 12-1 at 5. There, the Court held that plaintiffs who had already paid their debts lacked standing because their potential future interest was too speculative. 15-4479, R. Doc. 109 at 18-21; R. Doc. 12-1 at 5. The Court reasoned that it "must assume that the plaintiffs 'will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct.'" 15-4479, R. Doc. 109 at 18-21 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

Second, Defendant argues that Plaintiffs' ongoing criminal proceedings require federal abstention under the *Younger* doctrine. R. Doc. 12-1 at 2, 6. The Fifth Circuit applies the *Younger* doctrine when the following conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (internal quotations omitted).

Defendant asserts that the first condition is met because there are ongoing state court criminal proceedings against the named plaintiffs and other class members and that a federal proceeding will interfere with the state court's ability to handle these proceedings. R. Doc. 12-1 at 7. Defendant contends that the second condition is met because the state has an important interest in criminal law enforcement and the Fifth Circuit has held abstention appropriate when there are current state criminal proceedings against a federal plaintiff. *Bice*, 677 F.3d 712; R. Doc. 12-1 at 7. Finally, Defendant argues that the third condition is met because Plaintiffs will have an adequate opportunity during the current state criminal proceedings and in future appeals to raise their constitutional concerns. R. Docs. 12-1 at 8, 37 at 1.

### III. LAW & ANALYSIS

#### a. Motion to Dismiss Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction. A court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure is appropriate when subject matter jurisdiction is lacking. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

A court reviewing subject matter jurisdiction pursuant to Rule 12(b)(1) may base its opinion on the face of the complaint, "the complaint supplemented by undisputed facts evidenced in the record," or "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (internal citations omitted). A district court evaluating subject matter jurisdiction "must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

#### b. Standing

Article III of the Constitution limits the jurisdiction of the judiciary to "cases" or "controversies." U.S. Const. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to

actual cases or controversies." *DaimlerChrylser Corp. v. Cuno*, 547 U.S. 332, at 341–42 (2006) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 37 (1976)). In order to satisfy the Constitution's Article 3 standing requirements, a plaintiff must show, (1) that he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

To meet the case or controversy requirement, plaintiffs "must allege some threatened or actual injury resulting from the [defendants'] putatively illegal action before a federal court may assume jurisdiction." *O'Shea*, 414 U.S. at 493. "Abstract injury is not enough. . . . The injury or threat of injury must be both real and immediate." *Id.* at 494 (quoting *Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969)). If a plaintiff is seeking equitable relief, it is not sufficient that they were previously exposed to illegal conduct; rather, prior exposure must be ". . . accompanied by . . . continuing, present adverse effects." *Id.* at 495-96. However, when plaintiffs who were injured at the time of the filing of the suit, by incarceration or deprivation of due process, bring due process violation claims, these claims are not mooted by plaintiff's subsequent release from custody or provision of due process. *See Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (holding plaintiffs' claims not mooted by release from custody or provision of probable cause hearing after filing of complaint).

Named and proposed Plaintiffs in this putative class action have criminal cases pending before Defendant. Therefore, they have ongoing actual injuries, traceable to the defendant, and will likely be redressed by a favorable decision. Defendant argues that Named Plaintiff Gisclair lacks standing because he has been released from custody subsequent to the filing of this suit. R.

Doc. 32 at 2. However, in *Cain v. City of New Orleans*, 186 F. Supp. 3d 536 (E.D. La. 2016), the Court only dismissed plaintiffs for lack of standing who were not incarcerated or did not have court debts outstanding at the time the suit was filed. *Id.* at 546-47 n.62. Here, Plaintiff Gisclair was incarcerated at the time the suit was filed and his claim is not mooted by his release from custody. Therefore, Plaintiff Gisclair has standing to bring this claim. Finally, regarding the putative class members, there are issues related to standing that may depend on facts not present at this time.

      c. **Abstention**

The *Younger* abstention doctrine applies when exercising federal jurisdiction would interfere with an ongoing state criminal proceeding. 403 U.S. 37 (1971). Application of the *Younger* doctrine is appropriate when three requirements are satisfied: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice*, 677 F.3d at 716 (internal quotations omitted). The Fifth Circuit has held that "[u]nder the rule set out by the United States Supreme Court in *Younger v. Harris*, federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted." *Harvey v. Cannizzaro*, No. 12-1187, 2012 WL 1946435, at *3 (E.D. La. May 30, 2012).

However, "a necessary predicate for a *Younger* dismissal . . . is, the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." *Yamaha Motor Corp. U.S.A. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). Further, the opportunity for appeal does not negate a denial of due process in the initial proceeding. *Ward v. Village of*

*Monroeville, Ohio*, 409 U.S. 57, 61 (1972). Defendant argues that adequate appeals are available in the state courts and that, under *Esso Standard Oil Co. v. Lopez-Freytes*, Plaintiffs must complete the state court appeal process before coming to the federal court for relief. 522 F.3d 136, 141 (1st Cir. 2008). On the contrary, in *Esso* the court reasoned that abstention was appropriate "because [Plaintiff] had not yet demonstrated irreparable harm," rather than reasoning that Plaintiff was required to complete the state court appeal process. *Id.*

Allegations contained on the face of Plaintiffs' complaint are sufficient to support denial of their 14th Amendment rights to due process for purposes of determining subject matter jurisdiction. The merits of Plaintiffs' complaint are not yet at issue. Plaintiffs allege that Defendant Judge Cantrell does not adequately inquire into Plaintiff's ability to pay the set bond or consider alternative conditions of release. R. Doc. 1 at 1, 4. Further, they claim that Plaintiffs do not have an adequate opportunity to raise the relevant claim in Criminal District Court. R. Doc. 1 at 9-11. They allege that when constitutional arguments regarding bond policies and practices are raised that Magistrate Cantrell refuses to consider the arguments and threatens to hold defense counsel in contempt. R. Doc. 1 at 12-13.

While these Plaintiffs have various procedural mechanisms available to challenge the bonds set by Defendant, the delay required by these appeals is problematic because the damage is done by the time the appeal is perfected. Named Plaintiffs and members of the proposed class will suffer irreparable harm via incarceration and/or the financial burden of the bonds even if their appeals are eventually successful. Additionally, any appeals would not abrogate denial of due process during initial bond hearings. *See Ward*, 409 U.S. at 61.

Therefore, this Court has subject matter jurisdiction and *Younger* abstention is not appropriate. Plaintiffs' complaint is sufficient on its face to make a claim of denial of due

process. Further, Plaintiffs have not and likely will not have an adequate opportunity in the state court to raise constitutional challenges in a manner that prevents irreparable harm.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss filed by Defendant Harry E. Cantrell is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall attend a status conference in chambers set for September 7, 2017, at 8:30 a.m.

New Orleans, Louisiana, this 25 day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE