# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADRIAN CALISTE AND BRAIN GISCLAIR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | * * * * | CIVIL ACTION |
| V. | * * | NO. 17-6197 |
| HARRY E. CANTRELL, MAGISTRATE JUDGE OF ORLEANS PARISH CRIMINAL DISTRICT COURT | * * * | SECTION "L"(5) |

## ORDER & REASONS

Before the Court is Defendant's 12(b)(6) Motion to Dismiss. R. Doc. 65. Plaintiff opposes the motion. R. Doc. 74. Having considered the parties' arguments, submissions, and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

On June 27, 2017, a group of Plaintiffs filed suit against Magistrate Judge Harry Cantrell. This case arises from Defendant Magistrate Judge Cantrell's allegedly unlawful practice of imposing unreasonably expensive secured financial conditions of release upon arrestees without inquiring about their ability to pay. R. Doc. 1 at 1. Plaintiffs are two criminal defendants currently in the custody of the Orleans Parish Sheriff's Office. R. Doc. 1 at 2-3. Defendant Harry Cantrell is the Magistrate Judge for Orleans Parish Criminal District Court, where he is responsible for setting bail upon arrest, and has a role in managing the expenditures of the Judicial Expense Fund. R. Doc. 1 at 3.

Plaintiffs, representing a class of similar people,[1] allege that Defendant routinely sets a $2,500 minimum secured money bond. Plaintiffs contend Judge Cantrell sets bond without considering the facts of the case to determine whether a lower bond amount or an alternative

---

[1] Plaintiff's motion for class certification is pending before the Court.

condition of release might be appropriate. R. Doc. 1 at 6. Plaintiffs further aver that Defendant requires the use of a for-profit bail bond and does not allow arrestees to post cash bail. R. Doc. 1 at 2. Plaintiffs contend that this policy involves a conflict of interest because under Louisiana law, 1.8% of a bond amount collected from a commercial surety (but not from any other type of bond) is allocated directly to the Court for its discretionary use. R. Doc. 1 at 2. Plaintiffs argue that this policy of refusing to consider a criminal defendant's ability to pay, alternative conditions of release, or a lower bond, as well as the resulting institutional financial conflict, violates the Due Process and Equal Protection clauses of the Fourteenth Amendment. R. Doc. 1. Thus, Plaintiffs seek a declaratory judgement that Defendant's bond policy, which results in the creation of a modern "debtor's prison," is a violation of Plaintiffs' constitutional rights, and a declaration that Defendant's financial conflict of interest violates the Due Process rights of criminal defendants. R. Doc. 1 at 26.

On November 7, 2017, Defendant Cantrell answered Plaintiffs' complaint. R. Doc. 66. Defendant generally denies Plaintiffs' allegations. R. Doc. 66 at 1. Defendant also alleges twenty-eight affirmative defenses including: failure to state a claim upon which relief can be granted, failure to join a party, lack of subject matter jurisdiction, absolute and qualified immunity, and non-justiciable political question. R. Doc. 66. Defendant requests a jury trial. R. Doc. 66 at 10.

## II. PRESENT MOTION

Defendant has filed a motion to dismiss for failure to state a claim. R. Doc. 65. Defendant argues that some of Plaintiffs' claims assert that La. R.S. 22:822 and La. R.S. 13:1381.5 are unconstitutional. R. Doc. 65-1 at 2. Therefore, Defendant argues that Defendant Cantrell is not the proper party to be sued. R. Doc. 65-1 at 3. Accordingly, Defendant moves the Court to dismiss Plaintiffs' claims relating to the unconstitutionality of these statutes. R. Doc. 65-1 at 4.

Plaintiffs respond in opposition arguing that when a judge allegedly commits

constitutional violations they are the proper party to be sued under § 1983. R. Doc. 74. First, Plaintiffs argue that § 1983 provides for declaratory relief against judges when they violate the constitutional rights of parties who appear before them in court. R. Doc. 74 at 5. Second, Plaintiffs aver that they have standing to seek declaratory relief because of the alleged constitutional violations committed during their first appearance hearings before Defendant Cantrell. R. Doc. 74 at 6.

Third, Plaintiffs argue that Defendant Cantrell was not merely a neutral arbiter during these hearings. R. Doc. 74 at 7. Rather, Plaintiffs argue, Defendant Cantrell was the actor in the alleged violation of Plaintiffs' constitutional rights and it is his conduct that is being challenged as unconstitutional. R. Doc. 74 at 9-11. Fourth, Plaintiffs reiterate that they are not making a facial challenge to the constitutionality of any statute. R. Doc. 74 at 12.

### III. LAW AND ANALYSIS

#### A. Motion for Judgment on the Pleadings Standard

Defendant failed to raise a 12(b)(6) defense in his first motion to the Court. Therefore, this motion will be considered as a Rule 12(c) motion for judgment on the pleadings. A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The purpose of Rule 12(c) is to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Trust. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). In deciding a 12(c) motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To avoid dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Judgment on the pleadings is appropriate where there are no disputed issues of material fact and only questions of law remain. *Stewart v. Grand Isle Shipyard, Inc.*, 2011 U.S. Dist. LEXIS 148603,

at *6 (E.D. La. Dec. 23, 2011) (Berrigan, J.).

As a general rule, in considering a Rule 12(c) motion, a district court must limit itself to the facts stated in the complaint. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). This Court recognizes that the Fifth Circuit has made exceptions to this limitation. *See Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (holding that a district court may look to the substance of the pleadings and any judicially noticed facts); *see also Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887 (5th Cir. 1998) (holding that the district court could consider documents attached to the complaint); *Great Plains Trust*, 313 F.3d. at 311-13 (affirming district court's Rule 12(c) dismissal where the court considered documents that were referred to in the complaint even though they were not physically attached to the complaint). Nonetheless, granting a Motion for Judgment on the Pleadings "is appropriate *only if material facts are not in dispute* and questions of law are all that remain." *Voest-Alpine Trading USA Corp.*, 142 F.3d at 891 (emphasis added).

### B. Proper Defendant Under § 1983

As provided in 42 U.S.C. § 1983, plaintiffs may seek declaratory relief for violations of their constitutional rights by persons acting under the color of law. This includes state judges. *See Georgevich v. Strauss*, 772 F.2d 1078, 1088 (3d Cir. 1985) (citing *Pulliam v. Allen*, 466 U.S. 522 (1984)) ("[T]he Supreme Court reaffirmed the principle . . . that § 1983 was intended to apply to all state actors whether they be executive, legislative or judicial.). However, when a judge acts in a purely adjudicative capacity, he is not a proper party for a § 1983 challenge of the constitutionality of a state statute. *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003).

In *Bauer v. Texas*, the Fifth Circuit held that there was not a case or controversy between the Plaintiff and Defendant because the Defendant was a judge acting in his adjudicatory capacity under the challenged statute. *Id.* There, a trust beneficiary sought a § 1983 declaratory judgment against a state probate court judge arguing that a state probate statute violated due process and

equal protection. *Id.* at 354. The Fifth Circuit reasoned that because there was not a pending state probate proceeding there was not a "live case or controversy for th[e] court to resolve." *Id.* at 358. The Circuit further reasoned that "a section 1983 due process claim is not actionable against a state judge acting purely in his adjudicative capacity because he is not a proper party in a section 1983 action challenging the constitutionality of a state statute." *Id.* at 359

When judges are themselves the actors in an alleged violation of plaintiff's rights, rather than merely adjudicators of disputes between third parties, they are the proper parties in a § 1983 suit. In *Georgevich v. Strauss*, the Third Circuit held that judges were the proper parties in the lawsuit challenging the judges' actions as administrators of Pennsylvania parole statutes. 772 F.2d at 1089. There, state prisoners brought suit alleging that state parole procedures violated equal protection. *Id.* at 1081. The court reasoned that because the judges were "sued as enforcers of the statutes," rather than "neutral adjudicators of disputes," they were proper defendant parties. *Id.* at 1087 (citing *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719 (1980); *Gerstein v. Pugh*, 420 U.S. 103 (1975)).

### C. Discussion

Here, Plaintiffs have filed a § 1983 suit, requesting declaratory relief, against Defendant Judge Cantrell alleging that his pretrial release determinations violate their due process rights because Judge Cantrell has a financial interest in whether to set bail and for how much. Plaintiffs allege that, in addition to his responsibilities to determine the amount and status of bail, Judge Cantrell has "budgetary authority" for allocation of fees collected from the bail process. Plaintiffs allege that this is a financial conflict of interest. Plaintiffs have not made a claim under, nor challenged, any statute. Defendant Cantrell argues that he is not the proper party defendant in this suit.

Plaintiffs' allegations implicate his active role in the bail process because his dual roles of setting bail and managing the funds generated by the bail system create an alleged conflict of

interest. Therefore, Plaintiffs' suit does not implicate the actions of a third party separate from Judge Cantrell's conduct. In his capacity as the administrator of the bail process, Judge Cantrell is not merely an adjudicator of a dispute between third parties. Rather he is an active participant in the alleged violation of the Plaintiffs' rights. For these reasons, this case is distinguished from *Bauer v. Texas* and Judge Cantrell is a proper party defendant.

Judge Cantrell also draws the Court's attention to *Broussard v. Parish of Orleans*, 2001 WL 1335289 (E.D. La. Oct. 29, 2001). There, Judge Vance held that Plaintiff's constitutional rights were not violated by application of a Louisiana statute allowing for the collection of a fee for processing appearance bonds. *Id.* at *1, *9. However, this case is not relevant to the current question of proper party status because the case does not discuss whether the defendants, sheriffs of Louisiana and the Clerk of the Criminal District Court, were the proper party defendants. Rather, the case holds that the collection of a fee for processing appearance bonds is not unconstitutional. *Id.* Therefore, because this case raises a different question, and does not challenge a statute, *Broussard* does not inform the Court as to this case.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion filed by Defendant Harry E. Cantrell, R. Doc. 65, is hereby **DENIED**.

New Orleans, Louisiana, this 11th day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE