UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADRIAN CALISTE AND BRIAN GISCLAIR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>v.<br><br>HARRY E. CANTRELL, MAGISTRATE JUDGE OF ORLEANS PARISH CRIMINAL DISTRICT COURT | CIVIL ACTION NO. 17-6197<br><br>(CLASS ACTION)<br><br>JUDGE FALLON<br><br>MAGISTRATE NORTH |

## MEMORANDUM IN OPPOSITION TO MOTION TO CERTIFY A CLASS ACTION

**May It Please The Court:**

This memorandum is submitted by defendant, Magistrate Judge Harry E. Cantrell, in opposition to plaintiffs' Motion to Certify a Class Action (Doc. 5). For the reasons hereinafter set forth, Cantrell urges the Court to deny plaintiffs' motion.

### Class Certification Serves No Purpose

Reference to plaintiffs' Class Action Complaint (Doc. 1) and original (Doc.5-1) and supplemental (Doc. 87) memoranda in support of their Motion to Certify a Class Action reveals that their claims against Cantrell can be distilled to the following:

    a. The inquiry Cantrell conducts in setting bail for arrestees appearing before him fails to pass constitutional muster in that it neither adequately delves into the arrestees' financial status, resources, and capabilities concerning their ability to make bail nor considers non-financial conditions of release.

b.  In setting bail Cantrell has an institutional conflict of interest, in that he concurrently
acts as both a purportedly neutral judicial officer and as an executive responsible for
managing the funds generated by each bail bond order he sets.

Given the progress made at the several settlement conferences conducted by Magistrate
Judge North and in light of ongoing legal proceedings currently pending in the Eastern District
before Judge Vance, neither of the foregoing reasons advanced by plaintiffs warrants class
certification.

**Cantrell Has Agreed to Provide the Relief Sought by Plaintiffs**

Regarding the allegedly unconstitutional manner in which Cantrell sets bail, plaintiffs'
claims for all intents and purposes have been rendered moot by Cantrell's previously expressed
and continuing willingness to follow a protocol that fully addresses and rectifies each of the
constitutional shortcomings claimed by plaintiffs.  The path to mootness is as follows:

a.  Settlement conferences involving extensive negotiations were conducted by Magistrate
Judge North on November 27, 2017 (Doc. 73) and January 24, 2018 (Doc. 89), the upshot
of which is that Cantrell has voluntarily agreed to implement and follow a bail setting
procedure that remedies each of the defects alleged by plaintiffs.

b.  Cantrell understands that the Court is aware that there is currently pending before Judge
Vance litigation entitled *Alana Cain, et al v. City of New Orleans, et al,* Civil Action No.
2015-4479, in which Cantrell is a named defendant and in which plaintiffs are
represented by one of the same attorneys representing plaintiffs in the instant case. *Cain*
involves multiple claims asserted against the judges and magistrates of the Orleans Parish
Criminal District Court, one of which is the identical claim of unconstitutional bail
setting asserted herein.  As has occurred with Magistrate Judge North in the instant case,

in *Cain* extensive settlement efforts have been overseen by Magistrate Judge Wilkinson which have resulted in the defendant judges, including Cantrell, agreeing to follow a bail setting protocol that obviates plaintiffs' claims of unconstitutionality.

Pursuant to the settlement conferences that have occurred in both the instant case and *Cain,* attached hereto are the bail setting protocol and financial information form the entire Orleans Parish Criminal District Court bench, including Cantrell, has agreed to follow in setting bail for arrestees appearing before him.

### Plaintiffs' FRCP 23(a) Inquiries Are Moot

Any need for class certification has been obviated by Cantrell's voluntary agreement to follow the bail setting protocol described above, which effectively provides plaintiffs with all of the relief sought in their complaint. There are no claims for monetary damages, only for declaratory and injunctive relief; given Cantrell's ongoing willingness to voluntarily provide the relief sought in plaintiff's declaratory and injunctive claims, there is no reason a certification inquiry needs to be conducted; to do so is a waste of the time and resources for both the Court and the parties.

a. Numerosity

Given Cantrell's current bail setting protocol and resultant mooting of plaintiffs' claim of unconstitutionality, there will be no future class members. There will be no need for future arrestees appearing before Cantrell to file suit because Cantrell's allegedly unconstitutional bail setting has been replaced by a procedure which complies in all respects with what Magistrate Judge North has concluded, and what plaintiffs' themselves have accepted, are the governing constitutional minimums. The Court will not be clogged with multiple redundant suits seeking

the same relief because there will be no future suits; indeed, if anything, it is the instant case that is redundant in light of the previously filed and ongoing *Cain* litigation).  Indigent arrestees and putative class members have no reason, economic or otherwise, to band together, as the relief the putative class seeks has already been achieved by virtue of Cantrell's voluntary change in his bail setting protocol.

   b.  Commonality

   Save for one, all of the purportedly common issues of fact and law listed by plaintiffs in their original supporting memorandum[1] have been mooted as discussed above.  The only common issue of law not mooted is plaintiffs' claim that Cantrell has an institutional conflict of interest in setting bail under circumstances where he concurrently acts as both neutral judge and as co-administrator of the Criminal Court's Judicial Expense Fund, which realizes a statutorily mandated percentage of each premium dollar charged on commercial bail bonds set by Cantrell. This identical issue is currently being litigated before Judge Vance in *Cain*; indeed, the supplemental memorandum submitted by plaintiffs in support of their class certification motion attaches as supporting exhibits multiple documents produced in the course of the motion practice and discovery previously conducted in *Cain.*  The conflict of interest plaintiffs cite herein is the identical one previously presented to and ruled upon by Judge Vance in *Cain.*  Having this Court consider and rule upon the identical issue serves no purpose, other than to force Cantrell to concurrently defend the identical claim in two separate Eastern District cases, thus creating the possibility for inconsistent or duplicative findings that does nothing to obviate the redundant and court-clogging litigation plaintiffs profess a desire to avoid.

---

[1] Doc. 5-1, p. 8.

c.   Typicality

As explained above, the purportedly typical claims asserted by the putative class representatives have all been mooted by Cantrell's voluntary actions; plaintiffs have no need to certify a class to obtain the relief sued upon.  To whatever extent the claims may not be moot, they are already being litigated before Judge Vance in *Cain.*

d.   Adequacy

Whether the putative class representatives will adequately represent the interests of the rest of the class is moot given Cantrell's willingness to voluntarily provide the relief sought regarding implementation of a bail setting protocol that passes constitutional muster.  As to the conflict of interest issue, it is already being litigated in the previously filed and still active *Cain* class action and Judge Vance's ruling will both inure to the benefit of the instant plaintiffs and the putative class they seek to represent, as well as bind Cantrell, in that he himself is a defendant in *Cain.*

### Plaintiffs' FRCP 23(b) Arguments Are Moot

For all of the same reasons discussed above respecting the mooting of plaintiffs' arguments under FRCP 23(a), their arguments under FRCP 23(b) regarding declaratory relief have been similarly mooted by Cantrell's voluntary implementation of the precise bail setting protocol plaintiffs seek to have implemented.  Plaintiffs have obtained the relief they sued for; nothing is to be gained by certifying a class.

## Conclusion

For the foregoing reasons, Cantrell urges the Court to deny plaintiffs' Motion to Certify a Class Action.

Respectfully submitted,

/s/ Dennis J. Phayer

**Burglass and Tankersley, LLC**
Dennis J. Phayer (#10408) (T.A.)
dphayer@burglass.com
Christopher K. Tankersley (#19176)
ctankersley@burglass.com
Elizabeth A. Doubleday (#34916)
edoubleday@burglass.com
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0428
Fax: (504) 287-0468
Attorneys for Magistrate Judge Harry E.
Cantrell

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of March, 2018, a copy of the foregoing pleading has been forwarded to all counsel of record via CM/ECF filing through the United States District Court system, email and/or United States Mail.

/s/ Dennis J. Phayer