UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ADRIAN CALISTE and BRIAN GISCLAIR, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HARRY E. CANTRELL, Magistrate Judge of Orleans Parish Criminal District Court,<br><br>    Defendant. | Case No. 2:17-cv-06197-EEF-MBN |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO CERTIFY A CLASS ACTION**

In opposition to Plaintiffs' *Motion to Certify a Class Action* (ECF No. 5) and *Supplemental Memorandum in Support* (ECF No. 87), Defendant Cantrell asserts that Plaintiffs' claims "for all intents and purposes have been rendered moot by Cantrell's previously expressed and continuing willingness to follow a protocol that fully addresses and rectifies each of the constitutional shortcomings claimed by plaintiffs." (ECF No. 95 at 2.) Defendant Cantrell apparently seeks a dismissal on grounds of voluntary cessation, prior to his actually ceasing any of the conduct of which Plaintiffs' complain, and without even citing, let alone meeting, his "heavy burden" under the voluntary cessation doctrine to show that it is "absolutely clear" that his unlawful conduct could not reasonably be expected to recur. An opposition to a motion for class certification is not the appropriate vehicle in which to seek dismissal on grounds of mootness. Regardless, Plaintiffs explain why Defendant Cantrell's arguments lack merit.

A defendant raising mootness by voluntary cessation "bears the formidable burden of

showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)). A claim of voluntary cessation calls for close examination to rule out the possibility that the alleged voluntary cessation is merely "litigation posturing" and to confirm that the challenged practice will not recur in the future. *See Fontenot* 777 F.3d at 747–48. Defendant Cantrell has not even begun to meet this high standard.

First, there is no indication that Magistrate Cantrell has changed any of his challenged practices. Cantrell's memorandum refers to a purported "agreement" that was "the upshot" of (supposedly confidential) settlement negotiations with Plaintiffs. (ECF No. 95 at 2.) Cantrell further claims that he will enact a "procedure which complies in all respects with what Magistrate Judge North has concluded, and what plaintiffs' [*sic*] themselves have accepted, are the governing constitutional minimums." (*Id*. at 3.) The filing of Cantrell's opposition memo was the first notice Plaintiffs had that Cantrell has voluntarily agreed alter his practices to comport with constitutional norms. At the risk of stating the obvious, Plaintiffs note that if Cantrell had reached an agreement with Plaintiffs as to the "constitutional minimums" he should follow when setting terms of pretrial release, then a settlement would have already been entered.

Regarding the supposed change in practices, Cantrell's memorandum states that, as a result of settlement negotiations in *Cain v. City of New Orleans*, 15-cv-4479-SSV-JCW, Cantrell and the judges of the Criminal District Court have agreed to a "bail setting protocol" that is purportedly evidenced by *Ex. A* to Cantrell's filing. The attachment, however, **makes no mention whatsoever of bail or pretrial detention**. (ECF No. 95-1). Instead, the protocol describes a post-sentencing financial affidavit to be used to "determine if the defendant can,

based on their financial status, reasonably and successfully pay a **fine or fee within a certain time**[,]" and discusses changes in collection procedures. (*Id.* at 1 (emphasis added).) Furthermore, Cantrell's memorandum speaks of a "previously expressed and continuing willingness," to implement a protocol that he "has agreed to follow," thus showing the way toward a "path to mootness." (ECF No. 95 at 3.) The natural inference to be made from this language is that Cantrell has not yet ceased his unconstitutional practices. Plaintiffs applaud Cantrell's apparent willingness to one day engage in constitutional bail setting practices, but a statement of future intentions does not make it "absolutely clear" that the wrongful behavior could not be expected to recur. The wrongful behavior is ongoing.

Even if the illegal behavior in question had ceased, it would be extraordinarily difficult for Defendant Cantrell to prove that it was "absolutely clear" that the practices that he has followed for years could not reasonably recur. Indeed, nearly nine months after this lawsuit was filed, the same illegalities pervade bail setting in Defendant Cantrell's courtroom. Moreover, Defendant Cantrell has an institutional financial conflict of interest arising from the fact that he and the other judges collect a percentage fee on every bond he orders that is underwritten by a commercial surety. The court's basic operations depend on this fee, which gives Defendant Cantrell an incentive to use the bail setting process to maximize the revenue that he and the other judges control, and this conflict forms the basis of the second count of Plaintiffs' Complaint.

Defendant Cantrell argues that Plaintiffs' second claim—that the Criminal District Court's profit from a statutory fee on commercial sureties creates an unconstitutional conflict of interest—"is already being litigated in the previously filed and still active *Cain* class action[,] and Judge Vance's ruling will both inure to the benefit of the instant plaintiffs and the putative class they seek to represent." (*Id.* at 5.) That premise is doubly flawed: (1) the relevant claim in

*Cain* concerning bail fees was *dismissed* four months ago because the court recalled all the illegal warrants for which a secured money bail was required; (2) the remaining conflict-of-interest claims in *Cain* and this case are different claims.

First, the dismissed claim in *Cain v. City of New Orleans*, 15-cv-4479-SSV-JCW, ECF No. 7 (E.D. La. Sep. 21, 2015), challenged the conflict of interest inherent in the Criminal District Court's collections department automatically setting a $20,000 secured bond on warrants for nonpayment of fines and fees; it did not challenge Cantrell's bail-setting practices. Judge Vance dismissed that conflict-of-interest claim on summary judgment in December, having determined that the judges had rescinded the Collections Department's authority to issue warrants as of September 18, 2015. *Cain*, Order and Reasons on Summary Judgment, ECF No. 279 at 23–29 (E.D. La. Dec. 13, 2017). As a result, no more Collections Department warrants with $20,000 secured money bond could be issued.

Second, the other conflict- of-interest claim raised in *Cain* concerns similar financial conflicts of interest in the collection of fines and fees, as opposed to bail. That claim remains relevant to the present litigation because it targets similar financial conflicts of interest in the post-conviction setting, but it is in no conceivable way the same as the claim made in this case regarding the financial conflict of interest in setting bail. Judge Vance ruled that the Criminal District Court's collection of fines and fees presents an unconstitutional conflict of interest when such fees are deposited into the court's Judicial Expense Fund under the judges' control. *Cain*, ECF No. 279 at 61–76. That this holding condemning this basic financial conflict of interest on due process grounds, *Ward v. Village of Monroeville*, 409 U.S. 57 (1972), is equally applicable to the bail process at issue in this case is a powerful argument against Defendant Cantrell on the merits of this case—not a reason for this court to dismiss the case.

For the foregoing reasons, and those previously submitted in Plaintiffs' motion and memoranda in support (ECF Nos. 5; 87), Plaintiffs request that their claims be certified as a class action.

Respectfully submitted,

*/s/ Eric Foley*
Eric A. Foley, La. Bar No. 34199, T.A.
Katie M. Schwartzmann, La. Bar No. 30295
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, La 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
eric.foley@macarthurjustice.org
katie.schwartzmann@macarthurjustice.org

*/s/ Alec Karakatsanis*
Alec Karakatsanis, D.C. Bar No. 999294
Founder and Executive Director
Civil Rights Corps
910 17th Street NW, Fifth Floor
Washington, DC 20006
(202)-681-2409
alec@civilrightscorps.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing is being filed using the Court's CM/ECF system, which provides notice to all parties.

*/s/ Eric Foley*
Eric Foley