# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ADRIAN CALISTE ET AL | * | CIVIL ACTION |
| | * | |
| versus | * | No. 17-6197 |
| | * | |
| HARRY E. CANTRELL | * | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Certify a Class Action. R. Docs. 5, 87. Defendant opposes the motion. R. Docs. 21, 95. Having considered the parties' arguments and the applicable law, the Court issues this Order & Reasons.

### I.    BACKGROUND

On June 27, 2017, a group of Plaintiffs filed suit against Magistrate Judge Harry Cantrell. This case arises from Defendant Magistrate Judge Cantrell's allegedly unlawful practice of imposing unreasonably expensive secured financial conditions of release upon arrestees without inquiring about their ability to pay. R. Doc. 1 at 1. Plaintiffs are two criminal defendants who were in the custody of the Orleans Parish Sheriff's Office. R. Doc. 1 at 2-3. Defendant Harry Cantrell is the Magistrate Judge for Orleans Parish Criminal District Court, where he is responsible for setting bail upon arrest, and has a role in managing the expenditures of the Judicial Expense Fund. R. Doc. 1 at 3.

Plaintiffs allege that Defendant routinely sets a $2,500 minimum secured money bond. Plaintiffs contend Judge Cantrell sets bond without considering the facts of the case to determine whether a lower bond amount or an alternative condition of release might be appropriate. R. Doc. 1 at 6. Plaintiffs further aver that Defendant requires the use of a for-profit bail bond and does not allow arrestees to post cash bail. R. Doc. 1 at 2. Under Louisiana law, 1.8% of a bond amount collected from a commercial surety (but not from any other type of bond) is allocated

directly to the Court for its discretionary use; Plaintiffs contend that this policy involves a conflict of interest. R. Doc. 1 at 2. Plaintiffs argue that refusing to consider ability to pay, alternative conditions of release, or a lower bond, as well as the resulting institutional financial conflict, violate the Due Process and Equal Protection clauses of the Fourteenth Amendment. R. Doc. 1. Plaintiffs seek a declaratory judgement that Defendant's bond policy, which results in the creation of a modern "debtor's prison," is a violation of Plaintiffs' constitutional rights, and a declaration that Defendant's financial conflict of interest violates their Due Process rights. R. Doc. 1 at 26.

## II.  PRESENT MOTION

Plaintiffs have filed a Motion to Certify a Class Action. R. Doc. 5. Plaintiffs maintain that Defendant applies the same allegedly unconstitutional practices to the entire class, their claims are representative of the class claims, the named plaintiffs' stake in the controversy is sufficient to represent the class, and all members of the class will seek declaratory relief. R. Doc. 5-1 at 3.

Conversely, Defendant argues that class certification is unnecessary because Plaintiffs' claims are moot. R. Doc. 95. Defendant argues that he has agreed to follow a bail setting protocol that resolves Plaintiffs' claims. R. Doc. 95 at 2. Further, Defendant argues that the conflict of interest claim is currently in litigation before Judge Vance. R. Doc. 95 at 4.

## III.  LAW & ANALYSIS

Class actions permit representative plaintiffs to litigate their claims on behalf of members of the class not before the court. The purpose of a class action is to avoid multiple actions and to allow claimants who could not otherwise litigate their claims individually to bring them as a class. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349 (1983). A district court has great discretion in certifying and managing a class action. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999). The party seeking class certification bears the burden of proving all the requirements set out in Rule 23 of the Federal Rules of Civil Procedure.

Here, Plaintiffs seek certification under Rule 23(b)(2). R. Doc. 5-1 at 1. A class may be certified under Rule 23(b)(2) if it meets the four prerequisites found in Rule 23(a) and an additional requirement found in Rule 23(b)(2). The four prerequisites for certifying a class include: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). *Mullen,* 186 F.3d at 623 (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997)).

If the four prerequisites of 23(a) have been demonstrated, plaintiffs must satisfy one of the elements of 23(b). Rule 23(b)(2) provides for certification of class actions if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "If the plaintiffs s[eek] only injunctive and declaratory relief, [there is] no trouble certifying the proposed class[]." *Broussard v. Foti*, No. 00-2318, 2001 WL 699525, at *2 (E.D. La. June 18, 2001).

Plaintiffs in this case satisfy the requirements of 23(a). Plaintiffs satisfy the numerosity requirement because there are hundreds, possibly thousands, of potential class members. *See Mullen*, 186 F.3d at 624 (finding that a class sized between 100-150 members generally satisfied the numerosity requirement). Commonality is satisfied because the claims of each class member rest on common fact questions surrounding Defendant's policies and practices of setting bail in state criminal cases. Further, the claims share a common question of law: whether these policies and practices violate the Fourteenth Amendment's Due Process and Equal Protection clauses. Typicality is met because the claims of the named plaintiffs are typical of, if not identical to, the claims as well as the defenses of the class. *See id.* at 625 (quoting *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997)); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.

1992) (holding that a plaintiff's claim is typical if it arises from the same event or practice giving rise to the claims of other class members and is based on the same legal theory as the class members); *see, e.g.*, R. Docs. 87-3, 87-4 (transcripts from Judge Cantrell's hearings). Finally, the named plaintiffs will fairly and adequately protect the interest of the class and Plaintiffs' counsel are certainly adequately experienced. *See Mullen*, 186 F.3d at 626 (stating that named plaintiffs are inadequate representatives only if they have conflicts with interests of the other class members). Finally, the Plaintiffs request only declaratory relief for the entire class. Therefore, they have satisfied the Rule 23(b)(2) standard.

Defendant argues that the Court should not certify the class because Plaintiffs' claims are moot. While Defendant has not filed a motion to dismiss, the Court will address the argument. Generally, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Ctr. For Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). Usually voluntary cessation of a challenge practice does not render a case moot. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 189 (2000).

However, "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). When arguing that a case or issue is moot, the defendant "bears [a] formidable burden." *Id.* at 190. "Allegations by a defendant that its voluntary conduct has mooted the plaintiff's case require close[] examination." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 528 n.4 (5th Cir. 2008). "The overarching goal is to determine whether the defendant's actions are mere "litigation posturing" or whether the controversy is extinguished." *Fontenot v. McCraw*, 777 F.3d 741, 748 (5th Cir. 2015).

Here, Defendant Cantrell has not met his formidable burden. While the Court encourages

Judge Cantrell to continue pursuing settlement of these issues by agreeing to conform his bail practices to the requirements of Constitutional law, the Court has seen no formal recorded statement, such as a consent judgment or settlement agreement, of such a commitment and no evidence that such practices and procedures have already been changed. Therefore, it is not absolutely clear that the allegedly unconstitutional bail practices will not recur.

Additionally, Defendant argues that Plaintiffs' conflict of interest claims are covered in *Cain et al. v. City of New Orleans et al.*, No. 15-4479, currently before Judge Vance. While the claims pending in the *Cain* case are similar and relevant to the claims in the instant lawsuit, they are distinctly different claims. In *Cain*, Plaintiffs challenge practices by the Criminal District Court and its collections department regarding the handling of nonpayment of fines and fees. Here, Plaintiffs challenge Defendant's practices regarding setting bail. In *Cain*, Plaintiffs claim a conflict of interest exists in the collection of those fines and fees. Here, Plaintiffs claim a conflict of interest exists in the setting and collecting of bail amounts. These claims are clearly distinguished and resolution of ones set of claims will not determine resolution of the other. Therefore, the case pending before Judge Vance is no reason to prevent or delay class certification here.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to certify the class, R. Doc. 5, is hereby **GRANTED**.

New Orleans, Louisiana this 16th day of March, 2018.

UNITED STATES DISTRICT JUDGE