Case 2:17-cv-06197-EEF-MBN   Document 120-2   Filed 06/28/18   Page 1 of 6
Case 2:17-cv-06197-EEF-MBN   Document 118-2   Filed 06/26/18   Page 1 of 6
Case 2:15-cv-04479-EEF-KWR   Document 150-13   Filed 06/19/18   Page 1 of 299

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALANA CAIN, ET AL. | CIVIL ACTION NO 15-4479 |
| v | (CLASS ACTION) |
| THE CITY OF NEW ORLEANS, ET AL | JUDGE VANCE |
| | MAGISTRATE WILKINSON |

### Affidavit of Robert Kazik

Before me, undersigned Notary Public, personally came and appeared:

**Robert Kazik**

A person of the full age of majority and a resident of Orleans Parish, Louisiana, who after being duly sworn did depose and say that:

1. He makes this Affidavit based on own personal knowledge and experience as a 30-year employee of the Judges of the Orleans Parish Criminal District Court, specifically as Deputy Judicial Administrator and now Judicial Administrator, and the work he has done in connection with this litigation including but limited to obtaining information requested by the Judges, by the attorneys, responding to discovery, and assisting in the process of identifying and recalling all capiases issued for failure to pay fines and costs that were not associated with a failure to appear in court or a failure to pay restitution.

2. He is a defendant in this litigation. He is the Court's Judicial Administrator and has been since 2006; he has been with the Court and in many different capacities for approximately 30 years; including the creation of the Collections Department. As Judicial Administrator, he serves at the pleasure of the judges. He supervises and has trains collections employees.

{00634403 - v2}   1


EXHIBIT B

Case 2:17-cv-06197-EEF-MBN   Document 120-2   Filed 06/28/18   Page 2 of 6
Case 2:17-cv-06197-EEF-MBN   Document 118-2   Filed 06/26/18   Page 2 of 6
Case 2:15-cv-04479-SSV-JCW   Document 250-3   Filed 06/19/17   Page 2 of 29
Case 2:17-cv-06197-EEF-MBN   Document 115-13   Filed 06/14/18   Page 2 of 29

The Judges also supervise or train collections employees. His job description is detailed in Exhibit 1.

3. The Judges collectively and acting *en banc* have exclusive control over the Judicial Expense Fund. All of these funds are used for court operations and administration. No Judge or Magistrate receives any financial bonus or penalty based on what he or she assesses or collects in fines and costs. Monies are divided by *en banc* decision based on the number of court sections; meaning each section has access to the same amount.

4. The Judges, *en banc*, self-police by imposing a budget that allows each of them $1,000 per month for office operations and $250,000 per annum for personnel. The Judges have always used such self-imposed budgets. The amounts have changed over the years; the numbers stated have, however, been in place for at least the last six-years.

5. Indigent defendants have appointed counsel who participates in all phases of the criminal process, including sentencing.

6. All plaintiffs, in this case, were represented by counsel and both were present during the plea entry and at sentencing.

7. Judges who gave Collections authority to issue warrants pre-determined that a capias could lawfully issue for a criminal defendant's arrest when he or she did not pay and failed to (1) come to court or to Collections and explain why they were not paying and (2) failed to respond to the Collections Department's effort to contact them after they failed to pay, since their sentence obligations were communicated to them in open court, with their attorney present, and as well as in writing. No record findings were made of the reasons the warrant issued.

{00634403 - v2}                                    2

Case 2:17-cv-06197-EEF-MBN   Document 120-2   Filed 06/28/18   Page 3 of 6
Case 2:17-cv-06197-EEF-MBN   Document 118-2   Filed 06/26/18   Page 3 of 6
Case 2:15-cv-04479-SSV-JCW   Document 250-13   Filed 06/19/18   Page 3 of 299

8. From inception until September 18, 2015, Collections obtained address, telephone and employment information from a newly sentenced criminal defendant. A payment plan of $100 per month was encouraged.

9. From its creation until September 18, 2015, if a criminal defendant did not make the payments and made no contact with the sentencing judge or Collections to explain the lack of payment, the Collections Department called and then wrote at the address provided advising of the non-payment and the consequences of same including the potential for arrest. Generally, two letters were sent before a warrant issued. Exhibit 2, Exhibit 3, and Exhibit 4.

10. Collections employees were required to note in a handwritten log any warrant they issued. There was a separate log for any warrant that fines and fees recalled; it too was in handwriting. These logs were in use from inception of collections but we only still have those extending back to 1999. The logs are on legal-size sheets and contain thousands of entries. They are divided by court section. Logs before that time could not be located. A diligent search was made to find them; it is believed they were destroyed Katrina. The logs that did exist were produced to plaintiffs for the 5 year period they requested. The Judges directed me to convert the handwritten logs into an excel spreadsheet and have them individually checked by our computer expert Mike Geerken in MOTION.

11. If the Collections Department letters were returned as undeliverable, they were kept and no further action was taken absent specific instructions from the Judge.

12. On September 18, 2015, all authority to issue arrest warrants previously given to the Collections Department to issue warrants was rescinded. This was the day the Judges first heard about this lawsuit. No one had a copy of it at the time.

{00634403 - v2}                    3

Case 2:17-cv-06197-EEF-MBN   Document 120-2   Filed 06/28/18   Page 4 of 6
Case 2:17-cv-06197-EEF-MBN   Document 118-2   Filed 06/26/18   Page 4 of 6
Case 2:15-cv-04479-SSV-MBN   Document 250-3   Filed 06/19/18   Page 4 of 29

13. Since September 18, 2015, Collections Department employees have not issued any capias warrants.

14. No system in the Orleans Parish Criminal Justice System allowed us the ability to ascertain the number of active warrants for fines and fees. To make this determination computer programs were updated to accommodate this specific purpose (an expense paid from the Judicial Expense Fund following an en banc decision) and an expert in computers and with our systems was retained.

15. Mr. Geerken, Mr. Kazik, and others undertook the job of identifying all active fines and fees warrants. Doing so required them to interview long-time employees of several agencies, review documents, and the like. Lists were generated of "probable" active fines and fees warrants and "potential" fines and fees warrants. The total number of court records identified was approximately 4100. The judges reviewed those court records to first determine if there was such a warrant and if so they either recalled it or kept it active if restitution remained unpaid or the criminal defendant failed to appear in court as ordered. Attached as Exhibit 5 is a copy of a worksheet from one-court section which illustrates the task undertaken. As a part of the Judicial Defendants' decision to stop the practices at issue, the Judicial Defendants have written-off approximately $1 million in court debts otherwise due the court and other Orleans Parish Criminal Justice participants. Exhibit 5 (handwritten log)

16. Since September 18, 2015, the Judicial Defendants have written off approximately $1,000,000 in fines and fees otherwise due and owing the Court.

17. It is highly unusual for a criminal defendant to be assessed with the maximum amount allowed under law.

{00634403 - v2}                                 4

Case 2:17-cv-06197-EEF-MBN   Document 120-2   Filed 06/28/18   Page 5 of 6
Case 2:17-cv-06197-EEF-MBN   Document 118-2   Filed 06/26/18   Page 5 of 6
Case 2:15-cv-04479-SS-MBN   Document 250-3   Filed 06/19/18   Page 5 of 299

18. No named plaintiff, in this case, currently owes fines or fees to the Judicial Defendants. On April 7, 2016, the court suspended the remaining balance of Alan Cain's court debts ($311.50) and closed her case. Exhibit 6 On September 23, 2016, the court issued an order suspending the remaining balance of Ashton Brown's court debts. Exhibit 7 On June 2, 2016, Vanessa Maxwell's court debts were paid in full. Exhibit 8 On August 31, 2016, the court waived the remaining unpaid balance of $86.00 owed by Reynajia Variste and closed her case. Exhibit 9

19. If a criminal defendant raises the issue of their ability to pay, the judges consider it. Often times, community service replaces money as part of the sentence or a condition of probation.

20. The Judges have expressly or tacitly authorized all the capiases issued by collection employees prior to September 18, 2015.

21. To the best of the Judicial Defendants' ability, no fines and fees warrants for non-payment and issued by the Collections Department remain as they were all recalled, save for those cases where, after the judges reviewed all files, it was determined that the warrant was also for failure to appear or pay restitution.

22. To the best of Judicial Defendants' ability, no fines and fee warrants issued by a currently sitting or prior judge exist, unless there was a determination that other good cause existed in the court record supporting the warrant, such as a failure to appear in court or a failure to pay restitution.

23. Since September 18, 2015, every judge handles collection-related matters on their respective dockets.

Case 2:17-cv-06197-EEF-MBN   Document 120-2   Filed 06/28/18   Page 6 of 6
Case 2:17-cv-06197-EEF-MBN   Document 118-2   Filed 06/26/18   Page 6 of 6
Case 2:15-cv-04479-SSV-JCW   Document 250-3   Filed 06/19/17   Page 6 of 299

24. In 2014-2016, the Judicial Defendants felt the court would have insufficient revenues for the year; they made written and in-person presentations to the City of New Orleans for funds which the City provided.

25. The Louisiana Supreme Court has authorized funding for professional liability coverage from the Judicial Expense Fund. Exhibit 10

26. En Banc, the judges decided that Judge Franz Ziblich would act as Judge for this case and they directed him to work with the Sheriff on getting arrestees to court within 72 hours. Exhibit 11 (Ziblich letter)

27. On March 30, 2017, Chief Justice of the Louisiana Supreme Court, Bernette J. Johnson, wrote to all Louisiana State Judges about a "Dear Colleague" letter received from the U.S. Department of Justice, work tasked to the Judicial Council of Louisiana, and a National Task Force all dealing with fines, fees, and bail practices. Tools and training are offered by the court to the lower courts.

_____
Robert Kazik

Sworn to and Subscribed
Before me, Notary Public,
This _19_ day of _June_, 2017

_____
Notary Public