EXHIBIT 2

STATE OF LOUISIANA | CRIMINAL DISTRICT COURT
VERSUS | PARISH OF ORLEANS
MATTHEW ALDOUS | CASE NO. M-577770

Transcript of the Bond Hearing held on January the 14th, 2019 in the above-captioned case held before the Honorable Harry E. Cantrell, Jr., Judge Presiding.

APPEARANCES:

MICHAEL HENN, ASSISTANT DISTRICT ATTORNEY

JAMES MILLER, OPD ATTORNEY FOR THE DEFENDANT

REPORTED BY:

THERESA B. ABBATE, CCR

MAGISTRATE SECTION "M-1"

STATE OF LOUISIANA CRIMINAL DISTRICT COURT
VERSUS PARISH OF ORLEANS
MATTHEW ALDOUS CASE NO. M-577770

MONDAY, JANUARY 14TH, 2019

MR. HENN:

Matthew Aldous is in detox. He's been booked with criminal damage. This is based on a small gist, Judge. Officers observe the subject drawing graffiti on the outside of window of CVS. He was using a blue permanent marker. Then he was booked. Convictions, none.

MR. MILLER:

Your Honor, Jimmy Miller on behalf of Mr. Aldous, who is not present. Your Honor, I would just object to that, having a hearing without Mr. Aldous present. There's been representations that he is detoxing, but no sort of documentation or anything like that to justify his lack of appearance at this hearing. So I would object to that extent.

With regard to bond in this matter, your Honor. This is an ROR eligible offense. This allegation is that it's felon based on the fact that they're going to say that that's a historic landmark or property. As much respect as I have for CVS, that in and of itself doesn't necessarily give me any sort of belief that it should be considered historic or have landmark status merely based on the fact of where it's located, not necessarily what it is, your Honor. And so for that reason I would ask for no probable cause, at least, with regard to the felony criminal damage to historic property and I'd ask for PC be found only for misdemeanor criminal damage. Your Honor, this is not

even breaking a window or anything like this. They're going to say that it was permanent marker that I'm sure was washed off moments later. Nothing permanent or disfiguring to the side of the building.

As far as other representations I'd like to make with regard to Mr. Aldous under Article 316, clearly since he's not here, I cannot make any sort of personal or individualized remarks given the nature of the charge nature, given the nature of the prior convictions or lack thereof that the State has represented. I would ask for an ROR in this matter, your Honor.

MR. HENN:

And as far as 230 is concerned, Judge, the deputy stated on the record that the subject was in detox. So as a matter of law, he's physically incapable of appearing, so his presence is waived.

And as far as the bond is concerned, it looks like marker on CVS. I don't believe he's a threat to the community.

THE COURT:

Well, that and under 230.1 it's not required that he be hear for me to find probable cause. This is only a probable cause hearing. I'm going to find probable cause on the felon, okay.

In setting this bail, the Court is going to take into consideration the representations made by the Public Defender, representations made by the State, factors found in Article 316 in the Code of Criminal Procedure, take into consideration that this is a serious offense, take into consideration -- previous criminal record, if any?

MR. HENN:

One cocaine from JP remote. It was from 2013 cocaine.

MR. MILLER:

He's cleansed, your Honor. He's not on probation or parole.

THE COURT:

All right. The ability of the defendant to give bail, nature and serious or the danger to victims or any other person in the community that would be posed by his release, any other circumstances effecting the probability of his appearance. He has two municipal attachments which indicates to the Court that he failed to appear in court when he was required to be there, which indicates to the Court that he's a flight risk. I'll take into consideration the amount and source of his income, his employment status, if any, recommendations of Pre-Trial Service Report, including New Orleans Public Safety Assessment Model, he's a Level One and we're going to set his bond at $10,000 at this time.

MR. MILLER:

And your Honor, please note our objection. This is not a crime of violence. His failure to appear, his level is still two out of six. Your Honor, this is a de facto detention order that, while I have no individual argument because I, again have not been able to speak with Mr. Aldous, this is most like going to be a detention order just based on the amount that he will most likely be unable to make.

THE COURT:

Okay. Let the record reflect. Let the record

further reflect this is set in accordance with Article 316 of the Code of Criminal Procedure. Also the Court finds that he is a danger to the community. There were other circumstances and facts that were mentioned to the Court earlier and on television, okay. So I'll take all of that into consideration and also take into consideration again that he's a danger to the community and also against public policy at this time. Okay.

MR. MILLER:

Just to be clear, your Honor, I believe the State conceded that he wasn't a danger to the community.

THE COURT:

Well, I think he is a danger to the community based upon the things that I've heard.

MR. MILLER:

Judge, just please note our objection.

THE COURT:

All right.

(END OF BOND SETTING FOR MATTHEW ALDOUS)

C E R T I F I C A T E

I, Theresa B. Abbate, Certified Court Reporter, in and for the State of Louisiana, do hereby certify that the foregoing five (5) pages of testimony was reported by me in shorthand, and was prepared and transcribed under my personal direction and supervision, and is a true and correct transcript, to the best of my ability and understanding;

That I am not of Counsel, not related to Counsel, nor to the parties hereto, and am in no way interested in the outcome of this event.

THERESA B. ABBATE, CCR