UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADRIAN CALISTE and BRIAN GISCLAIR, on behalf of themselves and all others similarly situated,

        Plaintiffs,

  v.

HARRY E. CANTRELL, Magistrate Judge of Orleans Parish Criminal District Court,

        Defendant.

Case No. 2:17-CV-06197-EEF-MBN

Judge Eldon E. Fallon
Magistrate Judge Michael B. North

(Class Action)

## ORDER

Considering the Parties' Joint Motion for Entry of Consent Judgment filed in the above-captioned matter;

It is hereby **ORDERED** that, by agreement of the Parties, Magistrate Harry E. Cantrell will use the following protocol when determining the conditions of pretrial release for arrestees appearing before him and that use of the following protocol complies with this Court's August 14, 2018 Declaratory Judgment:

**During preliminary instructions to all arrestees the judicial officer shall:** Notify arrestees of their constitutional right to pretrial liberty. State that if a secured money bail is considered as a condition of release, then judicial officer will ask questions about their finances. If the Court intends to collect this information via sworn declaration (see step #4), then introduce the form and notify arrestees that defense counsel will assist them in completing the form or if the form has already been completed by the defendant in a meeting with pretrial services, inform the arrestees that they will have an opportunity to review the completed form with defense counsel.

**Representation by Counsel:** All arrestees have a right to be represented by counsel when a judicial officer determines conditions of release. If an arrestee has not been brought to Court for a First Appearance hearing due to an apparent mental or physical

incapacity—e.g., detoxification or placement on suicide watch—the judicial officer will appoint counsel if the arrestee has not already retained counsel to appear on their behalf. The judicial officer may order release of the person and set conditions of release in the person's absence. If setting a secured bail in an arrestee's absence, the judicial officer will ensure that the arrestee's name is placed on the docket for the next day's First Appearance Hearing, not to exceed 24 hours from the missed appearance. If the arrestee remains in custody at the time of the next day's First Appearance Hearing, the person will be brought before the judicial officer at that time, unless the mental or physical incapacity persists and prevents the arrestee's appearance in court. In such instance, the arrestee's name will again be placed on the docket for the next-in-time First Appearance Hearing, until he has regained capacity or has consented to a waiver of his appearance. If the next day's first appearance hearing for an initially absent arrestee will be held before a different section of Magistrate Court, e.g., a commissioner's hearing on a Saturday, Sunday, or court Holiday then the arrestee shall also be placed on Magistrate Cantrell's next available docket for consideration of the conditions of release imposed in the event the arrestee continues in custody.

The judicial officer will then proceed with the following steps to determine conditions of release.

1. Judicial officer hears argument and evidence from the government and defense counsel concerning the charged offense(s) and the need for conditions of pretrial release or pretrial detention, including the arrestee's potential danger to the community or risk of flight, and any conditions of release that could mitigate any risk posed. The arrestee or their counsel shall have the opportunity to confront the government's evidence and to present their own.

2. For those arrestees who are present, first determine whether the person should be released from custody with only the standard conditions in La. Code Crim. Proc. art. 320(B) (2019).
   - If Yes—End inquiry and order release
   - If No—Continue

3. Determine whether a nonfinancial condition of release, or combination of nonfinancial conditions, would satisfy the judicial officer's concerns for public safety and/or future appearance at court.
   - If nonfinancial condition(s) are sufficient to satisfy judicial officer's concerns, order arrestee's release on such conditions.
   - If judicial officer is considering a financial condition to satisfy judicial officer's concerns, continue.

4. Remind arrestee that accurate answers to the Court's questions are important to the Court deciding whether to require secured bail and, if so, the amount of bail. Then inquire into:
    - Income
    - Assets
    - Expenses
        i. Rent or mortgage
        ii. Utilities
        iii. Dependents
        iv. Medical expenses
        v. Transportation costs
        vi. Payments on loans, credit cards, or other debts
        vii. Other expenses
    - Amount of bail defendant states he can afford

    In place of an oral inquiry, the arrestee's counsel may also proffer or the court may choose to obtain this financial information through a written form sworn by the arrestee and entered into the record.

5. Considering the financial information obtained in the preceding step, determine whether a financial condition of release is a necessary component of the individual's conditions of release, and if so, set a financial condition. If the person cannot pay the financial condition that the court determines necessary, then the court must explain by clear and convincing evidence on the record why the government has demonstrated that no other alternative conditions of release are sufficient to reasonably guard against the person's flight from prosecution or to reasonably ensure the safety of the community during the pretrial period.[2]

6. If the defendant objects to the bail set, ask counsel for arrestee whether the arrestee may have additional evidence relevant to dangerousness, flight risk or alternative conditions of release that is currently unavailable to them.
    - If yes, offer arrestee more time to present his evidence by holding the hearing open until their attorney notifies the Court that they are able to present such evidence after the current hearing. Defense counsel shall have 72 hours within which to so notify the Court; on a showing of good cause, the Court may allow an additional 48 hours to collect such evidence. The arrestee's case shall be reset for hearing no later than 48 hours after notice is received from counsel.

---

[2] The "clear and convincing" evidence must be individualized. The following factors, standing alone, cannot comprise clear and convincing evidence of dangerousness or flight risk: (a) the statute for which the arrestee's alleged violation resulted in their arrest, (b) the location of the arrestee's primary residence, or (c) the arrestee's homelessness or lack of a permanent physical address.

- If no, conclude the hearing.

It is **ORDERED** that Plaintiffs' previously filed motion for injunctive relief, R. Doc. 138, be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is further **ORDERED** that this case shall be administratively closed subject to the continuing jurisdiction of this Court to enforce compliance with the terms of this Order.

New Orleans, Louisiana this 13th day of June, 2019

_____
The Honorable Eldon E. Fallon
United States District Court Judge