# Burglass :: Tankersley

Attorneys at Law
5213 Airline Drive
Metairie, Louisiana 70001-5602
www.burglass.com

**Mindy Nunez Duffourc**
mnunezduffourc@burglass.com

**Direct Line**
(504) 836-0423
**Direct Fax**
(504) 287-0463

July 6, 2020

The Honorable Eldon E. Fallon
500 Poydras Street
 Room C456
New Orleans, LA  70130
*Filed via CM/ECF*

RE: *Caliste v. Cantrell*, Case No. 2:17-cv-06197-EEF-MBN

Dear Judge Fallon,

I write regarding the challenge to subject matter jurisdiction that was raised by Judge Cantrell in response[1] to Plaintiffs' Motion for Injunctive Relief.[2]  Although Plaintiffs have recently withdrawn their motion[3] in light of the recent changes to the laws that created the asserted conflict of interest underlying Plaintiffs' Motion for Injunctive Relief, Judge Cantrell believes that his challenge to subject matter jurisdiction is still a pending issue before the Court.

Of course, "lack of subject matter jurisdiction can be raised at any time,"[4] and Judge Cantrell believes that he has adequately raised a challenge to this Court's jurisdiction to hear and decide the conflict of interest issue. If this Court lacked subject matter jurisdiction to decide Plaintiffs' conflict of interest claim because that claim was not redressible by Judge Cantrell, then the part of the declaratory judgment against Judge Cantrell finding an unconstitutional conflict of interest[5] is not valid.

Judge Cantrell is continually faced with accusations that he is not complying with the declaratory judgment because he makes bail determinations despite this Court finding a conflict of interest. These accusations have gone so far as to include a letter from local law professors

---

[1] R. Doc. 164 – Defendants' Memorandum in Opposition to Plaintiffs Motion for Injunctive Relief.
[2] R. Doc. 161 – Plaintiffs' Motion for Injunctive Relief.
[3] R. Doc. 194 – Plaintiffs' Motion to Withdraw Their Pending Motion for Injunctive Relief.
[4] Kontrick v. Ryan, 540 U.S. 443, 455, 124 S. Ct. 906, 915, 157 L. Ed. 2d 867 (2004); Fed. Rule Civ. Proc. 12(h)(3) ( "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").
[5] R. Doc. 131 at 25.

{01083441 - v1}

claiming that Judge Cantrell, "continue(s) to flout" federal court rulings. Such attacks, which impact Judge Cantrell personally and professionally, are baseless if there was no subject matter jurisdiction to render a judgment on the conflict of interest claim. Accordingly, Judge Cantrell has an ongoing interest in this Court's disposition of his challenge to this Court's subject matter jurisdiction to decide Plaintiffs' conflict of interest claim.

Best Regards,

Mindy Nunez Duffourc

CC via CM/ECF:

**Counsel for Plaintiffs**
Eric A. Foley
James W. Craig
Roderick & Solange MacArthur Justice Center
Via email to eric.foley@macarthurjustice.org; jim.craig@macarthurjustice.org

Alec Karakatsanis
Civil Rights Corps
alec@civilrightscorps.org

{01083441 - v1}