# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ADRIAN CALISTE AND BRIAN GISCLAIR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | **CIVIL ACTION NO. 17-6197** |
| | **(CLASS ACTION)** |
| **v.** | **JUDGE FALLON** |
| | **MAGISTRATE NORTH** |
| **HARRY E. CANTRELL, MAGISTRATE JUDGE OF ORLEANS PARISH CRIMINAL DISTRICT COURT** | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM, OR IN THE ALTERNATIVE, MOTION TO STRIKE DISCUSSION AND SUBMISSION OF NEW EXHIBITS, OR IN THE ALTERNATIVE, EX PARTE MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THIER RENEWED MOTION FOR RULE TO SHOW CAUSE WHY DEFENDANT CANTRELL SHOULD NOT BE HELD IN CONTEMPT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Magistrate Judge Harry E. Cantrell, who, opposes Plaintiffs' Motion for Leave to File a Reply Memorandum in Support of their Renewed Motion for Rule to Show Cause Why Defendant Cantrell Should Not be Held in Contempt, or in the alternative, moves to strike the discussion and submission of new exhibits in Plaintiffs' Reply Memorandum, or in the alternative, requests leave to file a sur-reply to address new evidence and arguments submitted by Plaintiffs' for first time in their reply.

At 6:31 p.m. on July 22, 2020, the day of submission, Plaintiffs filed a Motion for Leave to File a Reply and attached as an exhibit their proposed Reply Memorandum. R. Doc. 200. At the same time, they sought to leave to exceed the page limit so that they could introduce and discuss *eleven new exhibits* that were not attached to or discussed in either their original memorandum or

in Defendant's reply memorandum. Plaintiffs should not be given leave to file their reply memorandum because it grossly exceeds the scope and purpose of reply memoranda. "[I]t is improper for the movant to sandbag and raise wholly new issues in a reply memorandum. The scope of the reply should be limited to addressing the arguments raised by the memorandum in opposition." *Weems v. Hodnett*, 2011 U.S. Dist. LEXIS 75172, at *2-3 (W.D. La. July 13, 2011).

Plaintiffs had ample time and access to audio of Judge Cantrell's hearings to support their never-ending attempts to convince this Court to hold Judge Cantrell in contempt, and there is no excuse for their eleventh-hour attempt to introduce new evidence and make new arguments to which Judge Cantrell cannot respond. In fact, the Fifth Circuit has found that, "[a]rguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *see also Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745 (E.D. La. 2012) ("Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a summary judgment reply brief.") As such, this Court should deny Plaintiffs' request for leave to file their reply memorandum, or in the alternative, strike the new exhibits attached to Plaintiffs' reply memorandum as well their arguments and reference to the new exhibits therein.

Judge Cantrell has agreed to Plaintiffs' requests to both extend the time for filing their renewed motion for contempt as well as an additional request to extend the submission date. *See* R. Doc. 180 and Doc.197. Judge Cantrell is now entitled to have a hearing and/or have this court rule on Plaintiffs' motion without engaging in never-ending briefing on the matter to correct Plaintiffs' ongoing post-facto misrepresentations of the hearings held in his court. In *Elwakin*, the court found "that timing and litigation posture, as well as surrounding circumstances, favor[ed] striking the new evidence [in a reply memo]" when the litigant submitted their reply one day after

the submission date, the opposing party filed a motion to strike, and there was no excuse for the new arguments and evidence being raised for the first time in a reply memo. *Elwakin*, 901 F. Supp. 2d at 746. Similarly, after receiving several extensions to both file and brief their renewed motion for contempt, Plaintiffs submit new evidence and arguments in a reply memo less than six hours before the case is set for submission, Judge Cantrell is seeking to strike such evidence and arguments, and there is no excuse for Plaintiffs' introduction of new evidence and arguments in a reply memo when they had both access to the evidence they seek to introduce and ample time to make these new arguments at the time they originally filed their motion.

In the alternative, to the extent this Court allows Plaintiffs to file their reply brief and include the new arguments and new evidence therein, Judge Cantrell requests that this Court re-set the submission date and grant him leave to file a sur-reply. *Elwakin*, 901 F. Supp. 2d at 745-46 (noting that "a court may consider new evidence introduced in a reply brief if the non-movant is given an adequate opportunity to respond," but deciding to strike new evidence submitted in a litigant's reply memorandum.")

In conclusion, Defendant Judge Cantrell respectfully requests that this Honorable Court to Deny Plaintiffs' Motion for Leave to File a Reply Memorandum in Support of their Renewed Motion for Rule to Show Cause Why Defendant Cantrell Should Not be Held in Contempt, or in the alternative, strike the discussion and submission of new exhibits in Plaintiffs' Reply Memorandum, or in the alternative, grant leave for Judge Cantrell to file a sur-reply to address new evidence and arguments submitted by Plaintiffs' for first time in their reply.

Respectfully submitted,

/s/ Mindy Nunez Duffourc

**Burglass and Tankersley, LLC**
Dennis J. Phayer (#10408)

dphayer@burglass.com
Mindy Nunez Duffourc (#33618)
mnunezduffourc@burglass.com
5213 Airline Drive
Metairie, LA 70001
Tel: (504) 836-0412
Fax: (504) 287-0452
Attorneys for Magistrate Judge Harry E.
Cantrell

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 23rd day of July, 2020, a copy of the foregoing pleading has been forwarded to all counsel of record via CM/ECF filing through the United States District Court system, email and/or United States Mail.

/s/ Mindy Nunez Duffourc

_____